JOHN M. SORICH (CA Bar No. 125223)
john.sorich@piblaw.com
BRYANT S. DELGADILLO (CA Bar No. 217447)
bryant.delgadillo@piblaw.com
JENNY L. MERRIS (CA Bar No. 246088)
jenny.merris@piblaw.com
Parker Ibrahim & Berg LLC
695 Town Center Drive, 16th Floor
Costa Mesa, CA 92626
Tel: (714) 361-9550
Fax: (714) 784-4190

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., erroneously sued as
JP MORGAN CHASE BANK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD E. SQUIRES, III, BETTY J. SQUIRES, FLOYD E. SQUIRES, III, AND BETTY J. SQUIRES, Trustees of the FB SQUIRES FAMILY TRUST, DBA HUMBOLDT BAY PROPERTIES,<br><br>Plaintiffs,<br><br>v.<br><br>MTC FINANCIAL INC., DBA TRUSTEE CORPS, SELECT PORTFOLIO BANK, JP MORGAN CHASE BANK, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, and DOES 1 to 50, inclusive,<br><br>Defendants. | **CASE NO.:**<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. §§ 1332(a); 1441(a), (b)**<br><br>[Humboldt County Superior Court Case No. DR170532]<br><br>**ACTION FILED:** August 30, 2017 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant JPMorgan Chase Bank, N.A., ("Chase"), erroneously sued as JP Morgan Chase Bank, respectfully submits this

1
**NOTICE OF REMOVAL**

Notice of Removal, pursuant to 28 U.S.C. §§ 1441 *et seq.* to remove the above captioned matter from the Superior Court of the State of California for the County of Humboldt, in which the case is now pending, to the United States District Court for the Northern District of California. In support thereof, Chase states as follows:

## I.     PROCEDURAL COMPLIANCE

1. On August 30, 2017, plaintiffs Floyd E. Squires, III, Betty J. Squires, and Floyd E. Squires, III and Betty J. Squires, Trustees of the FB Squires Family Trust, dba Humboldt Bay Properties (collectively "Plaintiffs") filed an action in the Superior Court of the State of California, County of Humboldt, styled, *Floyd E. Squires, III, et al. v. MTC Financial Inc., dba Trustee Corps, et al.,* Case No. DR170532 (the "State Court Action").

2. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it is filed within thirty days of the matter becoming removable and it is not more than 1 year from the initial filing.

3. For removal purposes, the effective date of service is determined by state law. *See City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Chase was served with the Summons and Complaint on or about September 13, 2017.

4. True and correct copies of the Summons, Complaint, and ADR Information Packet are attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

5. Chase will give written notice of the filing of this Notice of Removal to Plaintiffs, and will file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Humboldt, as required by 28 U.S.C. § 1446(d).

6. Payment of the appropriate fees and costs for removal and docketing of this matter in federal court, if any, are tendered with this Notice.

7. Chase expressly reserves its rights to raise all defenses and objections to Plaintiffs' claims after the action is removed to the above-entitled Court. By filing

this Notice of Removal, Chase does not waive any defenses that may be available to it.

## II. BASIS FOR REMOVAL

8. The above-described State Court Action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. section 1332(a). Pursuant to 28 U.S.C. sections 1441(a) and (b) and the procedures set forth in 28 U.S.C. section 1446, Chase may remove the State Court Action to this Court.

9. Section 1332(a) provides the district courts with "original jurisdiction" over matters based on diversity of citizenship. Section 1441(a) states any civil action brought in state court where the district courts have original jurisdiction may be removed. Section 1441(b) sets the parameters for removing under diversity jurisdiction.

### A. CITIZENSHIP

10. The subject property is located at 1429 Sunny Avenue, Eureka, California (the "Property"). *See* Complaint, ¶ 1. Plaintiffs allege that they obtained a loan against the Property in 1998 and, that at all relevant times, are and were residents of the County of Humboldt. *See* Complaint, ¶¶ 1, 8. Based on that allegation, Plaintiffs have resided and have been domiciled in the State of California for at least the past ten years and, by every indication, have the intent to remain. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must . . . be . . . domiciled within the State."); *see also Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"); *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (residence and property ownership is a factor in domicile for diversity jurisdiction); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile."). Based on the

foregoing, Plaintiffs are considered citizens of California for purposes of diversity.

11. Chase is a national banking association and a wholly-owned subsidiary of JPMorgan Chase & Co. Chase is a citizen of the State of Ohio because its main office is located in that state. *See Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708 (9th Cir. 2014) (holding that a national bank is a citizen only of the state in which its main office is located as designated in the bank's articles of association). Chase's Articles of Association designate its main office and headquarters as its Columbus, Ohio office. *See* JPMorgan Chase Bank, National Association, Articles of Association, EDGAR ONLINE, at http://www.secinfo.com/d14D5a.vQcp.d.htm#1stPage (Sept. 25, 2014) ("The main office of the Association shall be in the City of Columbus, County of Delaware, State of Ohio."); *see also Hope v. U.S. Bank NA*, No. 12-CV-00297-PHX-FJM, 2012 WL 1292464, at *1 (D. Ariz. Apr. 16, 2012) (Chase's main office is located in the State of Ohio). Plaintiffs also affirmatively allege that Chase is a citizen of a state other than California (alleged citizenship as New Jersey). *See* Complaint, ¶ 4. Thus, Chase is diverse from Plaintiffs.

12. Select Portfolio Servicing, Inc. ("SPS") is a citizen of Utah for diversity purposes. A corporation is a "citizen" both of the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). Based on SPS's registration with the California Secretary of State, SPS is a corporation formed under the laws of the state of Utah and maintains its principal offices at 3217 S. Decker Lake Dr., Salt Lake City, Utah 84119. Further, the Complaint identifies SPS's state of incorporation as Utah.

13. The Bank of New York Mellon f/k/a The Bank of New York ("BONY") is a citizen of Delaware and New York. BONY is a corporation incorporated under the laws of Delaware, with its principal place of business in New York. A corporation is the citizen of the state in which it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The Complaint identifies BONY's state of incorporation as New York.

4
NOTICE OF REMOVAL

2880760.1

14. MTC Financial, Inc. dba Trustee Corps ("MTC") is a citizen of California. The citizenship of MTC is immaterial to the inquiry of diversity here, as discussed below.

15. MTC is the trustee under the terms of the subject Deed of Trust which encumbers the Property and is specifically named in its capacity as "trustee." *See* Complaint, ¶¶ 2, 8, and Exhibit B. Thus, MTC is the acting trustee and recorded certain notices as agent for the beneficiary of the subject loan. *See id.*

16. MTC filed a Declaration of Non-Monetary Status ("DNMS") under California Civil Code § 2924*l*, on or about April 19, 2017. *See* **Exhibit B** (a true and correct copy of the DNMS). As such, MTC is a nominal defendant and is not required to join in removal, because, as a nominal defendant, MTC is exempt from participating in the underlying action. *See United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002); *see also Delgado v. Bank of America Corp.*, 1:09CV01638 AWI DLB, 2009 WL 4163525, at *5 (E.D. Cal. Nov. 23, 2009); *Hafiz v. Greenpoint Mortg. Funding, Inc.,* 625 F.Supp.2d 1050, 1052 (N.D. Cal. 2009) (nominal, unknown or fraudulently joined defendants not required to consent to removal).

17. Indeed, if Plaintiffs had any objection to the DNMS, they were required to file such objection within 15 days of the filing of the DNMS. *See* Cal. Civ. Code §2924*l*(c). As no objection to the DNMS was filed within the 15-day objection period, MTC "shall not be required to participate any further in the action or proceeding." Cal. Civ. Code § 2924*l*(d).

18. In determining whether complete diversity exists, courts "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal quotation marks omitted). The Ninth Circuit has explained that "[a] nominal defendant is a person who holds the subject matter of the

litigation in a subordinate or possessory capacity as to which there is no dispute. The paradigmatic nominal defendant is a trustee, agent or depositary who is joined purely as a means of facilitating collection." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotation marks, alterations, and citations omitted). Further, as explained in *Pro Value Properties, Inc. v. Quality Loan Service Corp.*, 170 Cal. App. 4th 579, 583 (Ct. App. 2009), the role of a trustee under a deed of trust is set forth in California Civil Code section 2924, et seq., and is limited to the following:

> The trustee in a nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary.... The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist....In short, the trustee...performs ministerial acts which, when properly executed, result in the transfer of title to the [trustee's sale] purchaser.

*Pro Value Properties, Inc.*, 170 Cal. App. 4th at 583. (internal citations omitted).

19. Accordingly, MTC, although a California citizen, is a nominal defendant against which no affirmative relief is sought and, as such, its citizenship should be ignored for purposes of determining whether diversity of citizenship exists amongst the parties. *See Cabriales v. Aurora Loan Services*, 10-CV-161 MEJ, 2010 WL 761081 (N.D. Cal. March 2, 2010) (finding removal proper by disregarding the citizenship of a nominal trustee, because it is not one of the "real parties to the controversy").

20. The remaining defendants are named as "Doe" defendants, and as such, are disregarded in determining the existence of diversity. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

21. Based on the foregoing, there is complete diversity sufficient to support removal.

///

## B. AMOUNT IN CONTROVERSY

22. Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." *Schwarzer, Tashima & Wagstaffe*, Fed. Civ. Proc. Before Trial (2009), ¶ 2:450 (citing *St. Paul Mercury Indem. Co., v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction).

23. Moreover, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart,* 281 F.3d 837, 840 (9th Cir. 2002). "If the primary purpose of the lawsuit is to enjoin a bank from selling or transferring the property, then the property is the object of the litigation." *Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-*13 (N.D. Cal. June 29, 2010).

24. Further, where the crux of the litigation involves property rights, it is the property value or loan amount that determines the amount in controversy. *See Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 (9th Cir. 2011); *see also Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028-29 (N.D. Cal. 2010). Plaintiffs allege they received Notice of Trustee's Sale of the Property, which states that the outstanding balance due under the subject loan was $90,071.10 as of approximately September 2017. Complaint, ¶13, Exhibit D. Further, Plaintiffs seek to enjoin the foreclosure against the Property. Complaint, ¶¶ 19-24. Thus, the amount in controversy is satisfied. *See Chapman*, 651 F.3d at 1045.

25. Additionally, the "amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Although Chase denies that Plaintiffs are entitled to any relief, damages or attorney's fees, Plaintiffs have pled for the recovery of both attorney's fees and costs of suit (Complaint, Prayer, ¶¶ 3, 8), as well as compensatory damages, general and damages, statutory damages, and punitive damages.

26. Including these figures in the amount in controversy calculation further establishes the value of the relief sought by Plaintiffs in this matter exceeds $75,000.

27. Based on Plaintiffs' allegations, the controlling legal authority and the loan amount, it is clear the amount in controversy exceeds the $75,000 threshold requirement.

### III. CONCLUSION

Wherefore, Chase respectfully requests that this Court make any and all orders necessary to effect the removal of this case from the Superior Court for the State of California, County of Riverside, to this Court for all further proceedings.

DATED: October 6, 2017                    PARKER IBRAHIM & BERG LLC

                                          By:   */s/ Jenny L. Merris*
                                                JOHN SORICH
                                                BRYANT S. DELGADILLO
                                                JENNY L. MERRIS
                                                Attorneys for Defendant
                                                JPMORGAN CHASE BANK, N.A.,
                                                erroneously sued as JP MORGAN
                                                CHASE BANK

8
NOTICE OF REMOVAL

2880760.1